**Exhibit "A"**

COBB, BOYD, WHITE & COBB
ATTORNEYS AT LAW

www.CobbFirm.com
local 334.677.1000
toll free 800.258.7425
fax 334.699.3500

Jon B. Carroll
Via hand delivery

RE: Defamation Retraction

January 5, 2016

Dear Mr. Carroll,

We, the undersigned attorneys, have been retained by Retired Police Chief John White, Carleton "Bubba" Ott, Mike Magrino, Andy Hughes, et al to pursue a civil action against you for the tort of defamation. Your published statements defaming our clients amount to defamation per se because you allege crimes were committed by our clients. More specifically, you have falsely and maliciously alleged that they planted, oversaw, or otherwise aided in the planting of drugs and falsely charging of young black men in the Dothan, Alabama area. We demand the entire article in question be retracted.

Because you published this story with knowledge that it was false, or reckless disregard of its falsity, our clients intend to seek punitive damages against you. Alabama law requires that you be allowed to publish a retraction in the same manner that you published the defamatory statements within 5 days. See Ala. Code § 6-5-186.

We look forward to hearing and seeing your proper retraction very soon. Please contact one or all of us to notify us of your retraction. If you have retained or should retain an attorney, have them contact us to discuss this matter.

Sincerely,

Adam E. Parker, Esq

Derek Yarbrough, Esq

Tom Brantley, Esq

Ashton Ott, Esq

112 Jamestown Blvd.
Dothan, Alabama 36303
334-677-1000
334-699-3500 (Fax)

112 Jamestown Boulevard, Dothan, Alabama 36301 | PO Box 2047; Dothan, Alabama 36302-2047

**Exhibit "B"**

COBB, BOYD, WHITE & COBB
ATTORNEYS AT LAW

www.CobbFirm.com
local 334.677.1000
toll free 800.258.7475
fax 334.699.3500

Jon B. Carroll
Via hand delivery

RE: Defamation Retraction

Dear Mr. Carroll,

We, the undersigned attorneys, have been retained by Chief Tony Spivey, Eddy Henderson, Rex Tipton and Keith Cauthen to pursue a civil action against you for the tort of defamation. Your published statements defaming our clients amount to defamation per se because you allege crimes were committed by our clients.

Alabama law requires that you be allowed 10 days to publish a retraction in the same manner that you published the defamatory statements. The 10 day period begins upon your receipt of this notice.

We look forward to hearing and seeing your proper retraction very soon. Please contact one or both of us if we may assist you in your plan to avoid the initiation of civil proceedings. If you have retained or should retain an attorney, have them contact us to discuss this matter. Remember, your retraction must be published no later than 10 days from receipt of this notice.

Sincerely,

Chief John C. White, Esq.

Tony Brantley, Esq.

112 Jamestown Blvd.
Dothan, Alabama 36303
334-677-1000
334-699-3500 (Fax)

112 Jamestown Boulevard, Dothan, Alabama 36301 | PO Box 2047, Dothan, Alabama 36302-2047

**Exhibit "C"**



Video is located at the web address: https://www.youtube.com/watch?v=qF3Mg-0wQGQ



Video is located at the web address: https://www.youtube.com/watch?v=-VMtcZGreNk

**Exhibit "D"**

# DOTHAN POLICE DEPARTMENT

Notification of Charges and/or Allegations

NAME OF MEMBER: ______________ Employee # ______

Division Of Assignment: PATROL ______ Squad: ______

RANK: OFFICER Case Numbers: N/A # ______

Departmental policy provides that you have the right to be advised in writing of the complaint against you prior to your questioning concerning the allegation regardless of its nature and even if the allegation is such that it will not result in the filling of criminal or separation charges.

Accordingly, you are hereby advised that the following allegations have been made against you:

STATEMENT:

SEE MEMORANDUM "INTERNAL COMPLAINT," WHICH CONTAINS ALLEGATIONS.

THE INITIAL ALLEGATION BEGAN APPROXIMATELY JUNE 1998, THE LAST ALLEGATIONS WERE APPROXIMATELY APRIL 1999

PD 15A

**Exhibit E**

# Dothan Police Department

## M E M O R A N D U M

FROM :

TO :

DATE : August 30, 1999

SUBJECT :

This is to inform you of a complaint filed against you on July 1, 1999 that was initiated by

It has come to my attention by (15) members of the Dothan Police Department that you may be, or have been in possession of drugs for an extended period of time. Also concerns of "planting drugs", has arisen. Due to the nature of the complaint names of the members (16) will not be disclosed.

(17) You are to report to the Internal Affairs Division on 8-31-99 at 0900 to undergo a polygraph examination. You are instructed not to speak with anyone concerning this investigation until its completion.

You will be notified of the outcome at the conclusion of this internal investigation.

**Exhibit F**

Copyright(c) 1990 by The Johns Hopkins University
Applied Physics Laboratory. All rights reserved.
(301) 953-5000: Dale E. Olsen and John C. Harris
For Assistance Contact Axciton Technical Support:
(800) 460-2645

: DECEPTION STRONGLY INDICATED--Probability of Deception Greater Than .99 :

MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT MQQT

The following charts were used:
SSG#3LGJ Chart 1 08/31/99 11:02 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99
SSG#3LGJ Chart 2 08/31/99 11:15 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99
SSG#3LGJ Chart 3 08/31/99 11:27 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99
SSG#3LGJ Chart 4 08/31/99 11:40 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99

SSG#3LGJ 08/31/99 11:02 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99

Spot/Vertical Scores (MQQT)

| Prob | Question |
|---|---|
| 0.95 | R5 MM HAVE YOU EVER PLANTED ANY ILLEGAL EVIDENCE? |
| 0.94 | R3 MM HAVE YOU EVER PLANNED WITH ANYONE ELSE TO PLANT ANY ILLEGAL EVID |
| 0.67 | R9 MM SINCE YOU HAVE BEEN EMPLOYED WITH THE DOTHAN POLICE DEPT.. HAVE |
| 0.26 | R8 MM HAVE YOU EVER USED ANY ILLEGAL DRUG EVIDENCE FOR YOUR PERSONAL U |

Channel Contributions (MQQT)

| Weight | Channel |
|---|---|
| 0.52 | Electrodermal |
| 0.03 | Pulse |
| 0.27 | Respiration |
| 0.18 | Blood Volume |

SSG#3LGJ Chart 1 08/31/99 11:02 MICHAEL MAGRINO RAY OWENS MQQT 08-31-99

| Prob | Type | Question |
|---|---|---|
| | | X THIS PART OF THE EXAM IS ABOUT TO BEGIN. PLEASE REMAIN ST |
| | | I1 ARE YOU NOW IN ALABAMA? |
| | | I3 IS YOUR LAST NAME MAGRINO? |
| | | I1 ARE YOU NOW IN ALABAMA? |
| .90 | R | R3 MM HAVE YOU EVER PLANNED WITH ANYONE ELSE TO PLANT ANY ILLEG |
| | | I4 OO IS TODAY TUESDAY? |
| | | I7 OO ARE YOU NOW SITTING DOWN? |
| .81 | R | R5 MM HAVE YOU EVER PLANTED ANY ILLEGAL EVIDENCE? |
| | C | C6 KK BEFORE 1999, HAVE YOU EVER FALSIFIED ANY TIME SHEETS? |
| | | I7 OO ARE YOU NOW SITTING DOWN? |
| | | IA OO ARE YOU WEARING SHOES? |
| | | IB OO ARE THE LIGHTS ON IN THIS ROOM? |
| .70 | R | R8 MM HAVE YOU EVER USED ANY ILLEGAL DRUG EVIDENCE FOR YOUR PER |
| .53 | R | R9 MM SINCE YOU HAVE BEEN EMPLOYED WITH THE DOTHAN POLICE DEPT. |
| | C | C10 KK PRIOR TO 1999, HAVE YOU EVER LIED TO MAKE YOURSELF LOOK G |
| | | XX THIS PART OF THE EXAM IS NOW OVER. PLEASE REMAIN STILL UN |

**Exhibit G**

were curious as to its whereabouts. I asked Lt. Parrish if he had set any procedures, other than department procedures in the handling of narcotics when it had been seized as evidence. Parrish stated that his narcotic officers are to take any seized evidence to the lab for analysis then turn it into the department property/evidence officer. I called Magrino in for an interview to determine where the weapon was on 9-1-99 at 1230 hours. He was given his Internal Investigation Warning (PD-15B) and was questioned about the location of the weapon. I showed him the photocopy and asked where the gun was. He did not know. He was hesitant about its recovery during the search warrant and its location after the return of the search warrant to Judge Douglas Bates. Magrino had no clue as to the location of the weapon. I asked him again if he had spoken to anyone, as directed not to, about this investigation and he replied, "no". (21)

Sergeant Andy Hughes was scheduled to give me a taped interview on 9-1-99 at 1344 hours regarding the missing gun. I asked him if he was present during the search warrant and he said yes and affirmed that Magrino had possession of the gun. I asked Hughes had he had any prior problems with Magrino regarding custody/control of drug evidence and he replied that he had indeed informally counseled (22) Magrino about being slow to get drug evidence to the lab. I also asked if he, Hughes, had spoken with Magrino since the investigation began and he said yes, approximately three times. I inquired as to the extent of the conversation and Hughes advised me that only on 9-1-99 at 1030 hours did he speak with Magrino who called him (Hughes) on the phone about the investigation. Hughes stated that Magrino told him that the investigation was "Bull Shit", and he, Magrino, admitted violating PGO #64. Magrino added that he felt he was being used as a "scape goat for John White". He also stated that Magrino said he "might have to go to the newspapers if he was fired".) (23)

On September 3, 1999 at 1330 hours Magrino called me on the phone and advised me that he had found the missing gun from the search warrant. I advised him to bring it to me. He brought me the gun at 1358 hours on the same day. I again provided Magrino with an internal investigation warning (PD-15B) prior to questioning. He gave me a taped statement that he called Sergeant Antonio Gonzalez, per Officer Carlton Ott's instructions, and spoke with him about the gun. Magrino admitted that Gonzalez had been out of town and he, Gonzalez, tried to make Magrino remember having possession of the gun shortly after the search warrant was effected on 10-29-98 in the Vice-Intelligence Division. Gonzalez advised Magrino to look all over for the gun. After the phone conversation ended Magrino found the gun in some boxes inside of his home. He then called Gonzalez back, then in turn called me.

I thought it to be strange that as soon as Gonzalez came back to town and informed Magrino that he, Gonzalez, remembered Magrino in possession of the gun and shortly thereafter the weapon surfaced.

On September 3, 1999 at 1455 hours, I notified Captain Smith of the suspicious reappearance of the gun and advised him that I needed to interview Gonzalez and Ott. Smith summons Gonzalez for an interview. I took a taped interview with Gonzalez and he stated that he indeed did remember Magrino with the weapon in Vice-Intelligence while he was in Ott's office. He advised Magrino to look for the weapon and Magrino discovered it and called Gonzalez back to notify him of his findings. Gonzalez then directs Magrino to contact me and advise me that he had found the gun. Here again Magrino has discussed the case with Gonzalez when directed for the third time not to.

Reviewing this investigation thus far, I make note that drug/evidence, (items 35 – 39), in the case folders are missing and need to be located. I also note that the reappearance of the gun that was a better quality of weapon than the others, as well as the missing gun resembles a police revolver needed to be investigated by the Criminal Investigation Division.

**Exhibit H**

96-008781 10-30-96/1.26g. marijuana Dieon W. Patton

On September 8, 1999 at 1330 hours I conducted a taped interview with Officer Ott. He advised me that he returned to town to learn that Magrino was the subject of an administrative investigation. On 8-30-99 Ott spoke with Magrino over the phone and Magrino told him that he was being investigated for a PGO violation. Ott adds that on 9-6-99 he spoke with Magrino in person and Magrino just told him the same thing over again that he was being investigated on a PGO violation. Ott states that nothing else pertaining to the investigation was discussed.

The integrity of a law enforcement officer is crucial in the carrying out of their duties. If integrity is lost then the credibility of the officer is lost. Without credibility, a law enforcement officer cannot successfully fulfill his/her obligations. How can a law enforcement officer expect citizens to follow the laws, as well as rules and regulations set forth if he himself cannot follow rules and regulations of his/her department. Officer Magrino in this case has lost his integrity as well as his credibility due to drug evidence being missing. The District Attorney, Doug Valeska has been advised of the investigation and has a problem bringing the suspects in drug cases to trial due to Magrino's credibility being in jeopardy.

There are at least 50 case folders that contain drugs that should have been submitted to the Property/Evidence Officer for storage and chain of custody issues. Some of those cases have been in Magrino's possession for over two years. (25)

There are five handguns, one of which was still listed as stolen, one which Magrino lost for a period of time then it reappeared under suspicious circumstances, and two handguns that he has no idea where he seized them from. (26)

Magrino was directed several times, by a superior officer not to discuss this case with anyone but he has and has called the District Attorney's Office and left a message with Doug Valeska in order to talk about this case, by his own admission. In my opinion this is gross insubordination.

After a complete investigation I have found that Officer Michael Magrino has violated Personnel Rule, Regulation III, Sec. 3-20 (3) "Intolerable" Offense.
Sec. 3-43 (18) "Gross Insubordination". (27)
Sec. 3-43 (19)
Eighty (80) violations of Dothan Police Department Rules and Regulations PGO 64 regarding gross mishandling of evidence.

It is my findings that the allegations are Sustained and Magrino be discharged. (28)

Sgt. L. Keith Gray
Internal Affairs Division
Dothan Police Department

**Exhibit M**

WEDNESDAY
MARCH 10, 2004

TO UNITED STATES ATTORNEY'S OFFICE
FROM CONCERNED POLICE OFFICERS

POLICE CHIEF JOHN WHITE FILED COMPLAINT IN YOUR OFFICE TO
NVESTIGATE UNSIGNED LETTERS ALLEGEDLY AUTHORED BY CAPTAIN
IM SMITH, 01 EXPOSING CHIEF WHITE CLONING MAYOR, COMMISSIONERS,
THER OFFICIAL'S CELL PHONES. YOUR OFFICE RECEIVED 03 01 04
EGISTED COMPLAINT TO EXPAND IN SCOPE AND DEPTH YOUR OFFICES
NVESTIGATIONS OF WRONGDOINGS AND IMPROPER BEHAVIORS CHIEF'S
FFICE AND SURROGATES. CAPTAIN SMITH FORCED TO RESIGN, BE FIRED.
HIS LETTER OF REGISTED COMPLAINT PURSUANT ORIGINAL FILING
3 01 04 OFFERS EXAMPLES EVIDENCES OF FACTS NOT ALLEGATIONS.
EPARTMENT'S RESIGNINGS, RETIREMENTS, FIRINGS ALL BE INVESTIGATED
TARTING 01 01 99 FOWARD. CHIEF WHITE FILED CLONING UNSIGNED
ETTER COMPLAINT AS FEDERAL JURISDICTIONS, DOES NOT MAKE
MENTION OF FALSIFIED POLICE INCIDENT REPORTS TAINTING FEDERAL
OURTS, EXAMPLE SUMLAR vs. CITY. COURT NOTIFIED FBI.
BI NOTIFIED CHIEF WHITE. ALL 4 OFFICERS HAD TO RESUBMIT
RUTHFULL REPORTS WERE THEY FIRED BY CHIEF WHAT DOES THIER
ERSONNEL FILES REVEAL. FALSIFIED TRAFFIC ACCIDENT
EPORTS CAUSEING INSURACE COMPANIES WRONGFULL
NTERSTATE SETTLEMENTS, EXAMPLE BERNHARDSEN USMC BROOKS
T. STAN DEVANE FIRED, SGT. JIMMY SINGLETON FIRED,
SGT. HILDA BRYANT RESIGNED, REJECTED, REPORTING
SEXUAL ABUSES AND HARRASSMENTS BY SENIOR OFFICE
DAYS LATER WAS FIRED NO NOTICE. FOR YOUR OFFICIAL
RECORD INTERVIEW THEM AND OTHERS GONE PRIVATELY
NOT FEARFULL OF REPRISALS. DARK CLOUDS OF SUSPICIONS
LOOM OVER PERSONNEL DEPARTMENT AND IT'S OFFICIALS
WHITEWASHINGS CONSISTENT WITH CHIEF AND SURROGATES.
TREATMENTS OF OFFICERS AND FALSIFICATIONS FEARFUL
OF CONSEQUENCES STAY SILENT OR RESIGN, 01 OFFICER TRIED TO GO
PUBLIC, THREATEN WITH FIRING RESIGNED. A GUIDE WITHIN COMPLAIN
DIRECTIONS TO CHIEF'S OFFICE UPPER MANAGEMENT'S WRONGDOINGS

CONCERNED
DOTHAN POLICE OFFICERS

**Exhibit J**

MONDAY
MARCH 29, 2004

TO: UNITED STATES ATTORNEY'S OFFICE
FROM: CONCERNED POLICE OFFICERS

POLICE CHIEF JOHN WHITE FILED COMPLAINT YOUR OFFICE AS A FEDERAL JURISDICTION UNSIGNED LETTERS ALLEGING POLICE CAPTAIN JIM SMITH AS AUTHOR EXPOSING THE CHIEF'S OFFICE OF CLONING CITY OFFICIAL'S CELL PHONES AND DOCUMENTS TAMPERINGS. CAPT. JIM SMITH FORCED RESIGN OR BE FIRED.

MARCH 01 AND 10, 2004 YOUR OFFICE DELIVERED REGISTERED OFFICIAL LETTERS OF COMPLAINTS SUPPORTED BY EVIDENCES, (NOT ALLEGATIONS, INVOLVING AS LOCAL MEDIA FIRST MADE PUBLIC POLICE DEPARTMENT CORRUPTIONS, WRONGDOINGS, AND ALSO IMPROPER BEHAVIOR) REQUESTING YOUR OFFICE TO FURTHER INVESTIGATION IN SUPPORT OF MARCH 10 UNSIGNED LETTER AND ACCOMPANYING DOCUMENTS ORIGINATING OFFICIALLY JULY 01, 1999 ATTACHED THIS COMPLAINT MARCH 29, 04 TWO ADDITIONAL DOCUMENTS THE CONCLUSION OF FINAL PAGE REPORT WILL BE ALTERED 3 TIMES MORE TO REPRESENT FALSIFIED FINDINGS. CHIEF WHITE WROTE ORDERS TO "BURY FILE"

MR. MIKE TEW CHAIRMAN OF CITY'S SUPERVISORY BOARD AND MEMBERS NOTIFIED MARCH 01 AND 10 OF DOCUMENTS COMPLAINTS FILED YOUR OFFICE.

WHO ALL KNEW, WHAT DID THEY KNOW, WHEN DID THEY KNOW IT AND WHAT DID THEY DO ABOUT IT,

CONCERNED
DOTHAN POLICE OFFICERS

**Exhibit L**

FRIDAY

Several weeks ago a Dothan Police Officer was taken into custody by internal investigators. He was on duty, and in his patrol car, when a Dothan Police Department investigator searched him. He was in possession of illeagle drugs and firearms. Although he was caught with drugs and firearms, no charges were filed and he was allowed to resign without any personnel actions being taken against him.

What is much more distressing than a police officer in possession of illegal drugs and firearms, is what he was doing with them. For several years he had been a member of the Dothan Police Department Crimes Unit. During his assignment, he made many arrests and had many convictions for possession of illegal drugs and illegal firearms. Many of these convictions were the result of drugs and/or illegal firearms being planted on innocent people. The victims of this activity were mostly minority members of our community. He would still be making illegal arrests if someone in the Poilce Department could no longer tolerate this avtivity and tipped a supervisor.

Even more distressing is the fact that this whole situation was covered up. State and Federal law enforcement authorities were not notified, nor was any part of the criminal activity made public. Innocent people may be in jail or prison. Arrests made as far back as several years ago may have been illegal. No charges have been filed against this police officer. In fact, he resigned with a clean record. Will he be working in another city doing the same things? Can we tolerate a Police Department with this type of management practices? Would any person in our community be given the same break as this police officer?

I know that the Dothan Police Department is under investigation for ticket fixing and the Chief is under the probation instituted by the City Manager, but this is much more serious. Laws have been violated by all that knew about these crimes and did nothing. This involves several top management personnel in the Police Department.

**Exhibit M**

# Dothan Police Department

## M E M O R A N D U M

FROM : Police Chief John C. White

TO : City Manager Jerry Gwaltney

DATE : November 22, 1999

SUBJECT : *UNSIGNED LETTER DELIVERED TO COMMISSION MEMBERS*

On Tuesday, November 9, 1999, Commissioner Don Clements gave me an unsigned letter he found on his desk alleging that a police officer was found with illegal drugs and the internal investigation was a cover up. One can only assume the unknown writer is referring to the police officer that was investigated for allegedly violating departmental policies and orders regarding the handling and storage of evidence. As you may remember, you and I also ordered that the officer submit to a drug test when the investigation was initiated, of which the results were negative. At no time previous, during or since, has any individual made an allegation that this officer planted or manufactured evidence or testimony in any case. At no time did either the internal investigation or criminal investigation reveal any criminal wrongdoing on the part of the police officer. When faced with disciplinary action regarding violation of procedural orders, the officer chose to resign. The allegations set forth in the unsigned letter are not factual.

If you have any further questions concerning this matter, please do not hesitate to contact me.

threatened to go to newspaper if fired

Ordered file Buried

JOHN C. WHITE
Chief of Police

Wrong! Refer to Dan's letter 08/27/99 to Chief White

JCW/sd